1 | HELANE L. MORRISON (Cal. Bar No. 127752)
JOHN S. YUN (yunj@sec.gov)
2 | ROBERT S. LEACH (leachr@sec.gov)
XAVIER CARLOS VASQUEZ (vasquezc@sec.gov)
3 | Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
4 | 44 Montgomery Street, Suite 2600
San Francisco, California  94104
5 | Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

11

12 | SECURITIES AND EXCHANGE COMMISSION,          Case No. C 06-6966 SI

13 |          Plaintiff,

14 |    vs.                                      STIPULATION AND [PROPOSED] ORDER
                                                 FOR PRELIMINARY INJUNCTION AND
15 | VIPER CAPITAL MANAGEMENT, LLC,              OTHER RELIEF
COMPASS FUND MANAGEMENT, LLC, and
16 | EDWARD SEWON EHEE,

17 |          Defendants,

18 |    and

19 | COMPASS WEST FUND, LP, VIPER FOUNDERS
FUND, LP, VIPER INVESTMENTS, L.P., ALBERT
20 | EHEE, ROBERT EHEE, and JENNIFER EHEE,

21 |          Relief Defendants.

22

23

24

25

26

27

28

STIP. AND ORDER FOR PRELIM. INJ.

1       Plaintiff Securities and Exchange Commission ("Commission"), defendants Viper Capital

2 Management, LLC, Compass Fund Management, LLC, and Edward Sewon Ehee (collectively,

3 "Defendants") and relief defendants Compass West Fund, LP, Viper Founders Fund, LP, Viper

4 Investments, L.P. and Robert Ehee, by and through their respective attorneys, stipulate and agree that

5 the Court may issue a preliminary injunction as set forth below:

6                                  I.

7       IT IS HEREBY ORDERED that Defendants, their respective officers, agents, servants,

8 employees, and attorneys, and all persons in active concert or participation with any of them who

9 receive actual notice of this Order, by personal service or otherwise, are preliminarily restrained and

10 enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934

11 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R.

12 § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any

13 facility of any national securities exchange, in connection with the purchase or sale of any security:

14        (a)     to employ any device, scheme, or artifice to defraud;

15        (b)     to make any untrue statement of a material fact or to omit to state a material fact

16                  necessary in order to make the statements made, in the light of the circumstances

17                  under which they were made, not misleading; or

18        (c)     to engage in any act, practice, or course of business which operates or would

19                  operate as a fraud or deceit upon any person.

20                                  II.

21       IT IS FURTHER ORDERED that Defendants, their respective officers, agents, servants,

22 employees, and attorneys, and all persons in active concert or participation with any of them who

23 receive actual notice of this Order, by personal service or otherwise, are preliminarily restrained and

24 enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §

25 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or

26 communication in interstate commerce or by use of the mails, directly or indirectly:

27        (a)     to employ any device, scheme, or artifice to defraud;

28

        **STIP. & ORDER FOR PRELIM. INJ.**

(b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS FURTHER ORDERED that Defendants, their respective officers agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, are preliminarily restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)], by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IV.

IT IS FURTHER ORDERED that defendants Viper Capital Management, LLC ("Viper Management"), Compass Fund Management, LLC ("Compass Management"), and Edward Sewon Ehee ("Edward Ehee"), their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, are preliminarily restrained and enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, their own funds, assets, securities, claims, or other property wherever located, as well as any of the funds, assets, securities, claims, or other property of relief defendants Compass West Fund, LP ("Compass West"), Viper Founders Fund, LP ("Viper Fund"), and/or Viper Investments, L.P. ("Viper Investments") including, but not limited to, the following financial institution and brokerage accounts:

1.    An account held in the name of Edward Ehee and Jennifer Ehee at Wells Fargo Bank.

     **STIP. & ORDER FOR PRELIM. INJ.**

2.      An account held in the name of Viper Capital Management, LLC at Wells Fargo Bank.

3.      An account held in the name of Compass Fund Management, LLC at Wells Fargo Bank.

4.      An account held in the name of Compass West Fund, LP at Wells Fargo Bank.

5.      An account held in the name of Viper Founders Fund, LP at Wells Fargo Bank.

6.      An account held in the name of Compass West Fund, LP at Bear Stearns.

With respect to real property in the name of Edward Ehee and/or Jennifer Ehee, such property may not be transferred or sold without prior written notice to the Commission naming the parties to the sale, the brokers to the sale, the escrow company for the sale, and the terms of the proposed sale. Such notice shall be provided to the Commission within 24 hours of the execution of the purchase-sale agreement for the real property. Additionally, the escrow company handling the sale shall provide the Commission with copies of all seller's instructions for the transaction, including any amendments. The Commission may file with the Court, in an *ex parte* application, any objections to the sale going forward and in the event of such objections the sale shall not go forward without the express approval of the Court. In the event the sale does go forward, notice of this Order shall be provided to the escrow company, along with instructions to deliver all of the seller's proceeds (minus mortgage pay-offs, normal broker's commissions, real property taxes, and assessment and other customary fees and charges) to the Court's registry.

V.

IT IS FURTHER ORDERED that Compass West, Viper Fund, and Viper Investments, their respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, are preliminarily restrained and enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, their funds, assets, securities, claims, or other property wherever located.

STIP. & ORDER FOR PRELIM. INJ.

## VI.

IT IS FURTHER ORDERED that an immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial institution, or brokerage firm holding accounts in the name or for the benefit of Edward Ehee, Compass Management, Viper Management, Compass West, Viper Fund, and Viper Investments and that all banks, financial institutions, and brokerage firms holding such accounts shall not permit transactions in such accounts without further order of the Court.

## VII.

IT IS FURTHER ORDERED that relief defendants Albert Ehee, Robert Ehee, and Jennifer Ehee, their respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, are preliminarily restrained and enjoined from transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, the funds in the following accounts to the extent that the transfer or removal of funds would reduce the account balance below the following amounts:

- Albert Ehee. The minimum account balance of $20,000 in an account held in his name at Bank of America.
- Robert Ehee. The minimum account balance of $28,500 in an account held in his name at JP Morgan Chase.
- Jennifer Ehee. The minimum account balance of $35,000 in an account held in her name at Washington Mutual Bank.

## VIII.

IT IS FURTHER ORDERED that defendants Viper Management, Compass Management, and Edward Ehee, relief defendants Compass West, Viper Fund, Viper Investment, Albert Ehee, Robert Ehee, and Jennifer Ehee, their respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, shall keep, preserve, and maintain all of their books, records, papers, account statements, computers, email, electronic data, journals, data bases, calendars, hard drives,

**STIP. & ORDER FOR PRELIM. INJ.**

1  flash drives, or any other documents, materials, and media (however created, produced, or stored)

2  that relate to the matters raised in this proceeding.

3                                          IX.

4        IT IS FURTHER ORDERED that, to the extent consistent with asserting their constitutional

5  rights, Defendants shall each file with this Court and serve upon the Commission, within ten court

6  days of this Order, a sworn accounting of:

7        a.      all securities, funds, real estate, and other assets held in his or its name, or in which

8                he or it has had any direct or indirect beneficial interest, stating the location of

9                each of the assets;

10       b.      each account with any financial institution or brokerage firm maintained in the

11               names of Edward Ehee, Compass Management, Viper Management, Compass

12               West, Viper Fund, and/or Viper Investment or in which he or it has or has had any

13               direct or indirect beneficial interest;

14       c.      every transaction in which any funds or other assets of any kind were transferred

15               from Edward Ehee, Compass Management, Viper Management, Compass West,

16               Viper Fund, and/or Viper Investment to any other defendant or relief defendant in

17               this action;

18       d.      every transaction in which any funds or other assets of any kind were transferred

19               from Edward Ehee, Compass Management, Viper Management, Compass West,

20               Viper Fund, and/or Viper Investment to any other person or to any entity in which

21               any of these defendants or entities has any ownership interest; and

22       e.      all assets, funds, securities, and real or personal property received by Edward

23               Ehee, Compass Management, Viper Management, Compass West, Viper Fund,

24               and/or Viper Investment from persons who provided money to Edward Ehee,

25               Compass Management, Viper Management, Compass West, Viper Fund ,and/or

26               Viper Investment in connection with the providing of investment advice and/or the

27               offer, purchase, or sale of securities of any kind, and the disposition of such assets,

28               funds, securities, and real or personal property, including, for each person or entity

                                          -6-                    **STIP. & ORDER FOR PRELIM. INJ.**

(i) the specific use to which the investor's money was put, and (ii) each location to which the investor's money was transferred.

Nothing in this stipulation and order shall be interpreted as a waiver of defendants' constitutional rights, if any.

## X.

IT IS FURTHER ORDERED that the parties to this action may immediately take discovery by any means authorized under Rules 26 through 36 and Rule 45 of the Federal Rules of Civil Procedure. Defendants reserve the right to move the Court to stay discovery in the action or the enter case at a later time.

## XI.

IT IS FURTHER ORDERED that, notwithstanding any other provision of this Order, defendant Edward Ehee may transfer and expend assets in a total amount not to exceed $2,500 per month solely for the purpose of providing reasonable and necessary food, medicine, medical care, health insurance, clothing, lodging (whether owned or rented), utilities, and automobile expenses; provided further that, for the purpose of monitoring compliance with this Order, Edward Ehee shall prepare and serve upon the plaintiff, not later than the third court day of each month, a sworn statement of each transfer or expenditure of assets in the preceding month together with such documents (including, for example and not as a limitation, receipts, checks, and invoices) as memorialize or evidence such transfer or expenditure. The plaintiff may notice and take the deposition of Edward Ehee as to each such sworn statement.

STIP. & ORDER FOR PRELIM. INJ.

XII.

IT IS FURTHER ORDERED THAT any party to this action may seek modification of this Order by motion with notice to all parties.


Dated: _____

By: _/s/ Xavier Carlos Vasquez_____
    XAVIER CARLOS VASQUEZ, Esq.
    Attorney for Plaintiff
    SECURITIES AND EXCHANGE
    COMMISSION
    44 Montgomery St., Ste. 2600
    San Francisco, CA 94104
    (415) 705-2500
    vasquezc@sec.gov


Dated: _____

By: _/s/ Ismail Ramsey_____
    ISMAIL RAMSEY, Esq.
    RAMSEY & EHRLICH, LLP
    803 Hearst Avenue
    Oakland, CA 94710
    (510) 548-3600
    izzy@ramsey-ehrlich.com
    Attorney for Defendants
    VIPER CAPITAL MANAGEMENT, LLC,
    COMPASS FUND MANAGEMENT, LLC,
    and EDWARD SEWON EHEE
    and Relief Defendants
    COMPASS WEST FUND, LP and
    VIPER FOUNDERS FUND, LP


Dated: _____

By: _/s/ Arthur Greenspan_____
    ARTHUR GREENSPAN, Esq.
    RICHARDS, KIBBE & ORBE LLP
    One World Financial Center
    New York, NY 10281
    (212) 530-1840
    Attorney for Relief Defendant
    ROBERT EHEE

1

2

**ORDER**

3    The Court having received and considered the stipulation of the parties as set forth above and

4 finding good cause exists for entry of the order agreed upon by the parties,

5    **IT IS SO ORDERED.**

6 DATED: November ___, 2006

7                                                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIP. & ORDER FOR PRELIM. INJ.**