UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>VIPER CAPITAL MANAGEMENT, LLC, COMPASS FUND MANAGEMENT, LLC, and EDWARD SEWON EHEE,<br><br>　　　　Defendants,<br><br>　and<br><br>COMPASS WEST FUND, LP, VIPER FOUNDERS FUND, LP, VIPER INVESTMENTS, L.P., ALBERT EHEE, ROBERT EHEE, and JENNIFER EHEE,<br><br>　　　　Relief Defendants. | Case No. C 06-6966 SI<br><br>FINAL JUDGMENT AS TO DEFENDANT EDWARD SEWON EHEE |

The Securities and Exchange Commission having filed a Complaint and Defendant Edward Sewon Ehee ("Ehee" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or

instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS FURTHER ORDERED that Defendants, their respective officers agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, are permanently restrained and enjoined from violating Sections 206(1), 206(2) and 207 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2), and 80b-7], by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $4,023,948.23, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $511,819.16, for a total of $4,535,767.39  Defendant has agreed to sell promptly his residence at 6122 Acacia Avenue, Oakland, California 94618.  Upon the sale of that residence, all proceeds shall be paid to the Clerk of this Court, together with a cover letter identifying Edward Sewon Ehee as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Proceeds include all monetary benefit derived from the sale, minus any outstanding loans secured by the property and reasonable

brokerage fees and closing costs, if any. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. Until such payment is made, the asset freeze currently in place as to Mr. Ehee as set forth in Paragraph IV of the Order of Preliminary Injunction and Other Relief (filed November 22, 2006 in this matter) shall remain in full force. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Upon such payment, Ehee shall be released from Paragraph IV of the Order of Preliminary Injunction and Other Relief (filed November 22, 2006 in this matter). The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

Upon payment of all proceeds from the sale of his house as required in Paragraph IV above, and based on Defendant's sworn representations in his Statement of Financial Condition dated May 15, 2007, and other documents and information submitted to the Commission, payment of the remainder of the disgorgement and pre-judgment interest thereon is waived. The determination to waive payment of the remaining disgorgement and pre-judgment interest is contingent upon (1) payment of the proceeds of the house sale and (2) the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or

incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## VI.

Based on Defendant's sworn representations in his Statement of Financial Condition dated May 15, 2007, and other documents and information submitted to the Commission, the Court is not ordering Defendant to pay a civil penalty. The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission

1  may move this Court to consider all available remedies, including, but not limited to, ordering
2  Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of
3  this Final Judgment. The Commission may also request additional discovery. Defendant may not, by
4  way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2)
5  contest the allegations in the Complaint filed by the Commission; (3) assert that payment of
6  disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4)
7  contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the
8  imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to
9  liability or remedy, including, but not limited to, any statute of limitations defense.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2008

_____
UNITED STATES DISTRICT JUDGE