UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. C 06-6966 SI |
| Plaintiff, | |
| vs. | FINAL JUDGMENT AS TO DEFENDANT COMPASS FUND MANAGEMENT, LLC |
| VIPER CAPITAL MANAGEMENT, LLC, COMPASS FUND MANAGEMENT, LLC, and EDWARD SEWON EHEE, | |
| Defendants, | |
| and | |
| COMPASS WEST FUND, LP, VIPER FOUNDERS FUND, LP, VIPER INVESTMENTS, L.P., ALBERT EHEE, ROBERT EHEE, and JENNIFER EHEE, | |
| Relief Defendants. | |

The Securities and Exchange Commission having filed a Complaint and Defendant Compass Fund Management, LLC ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)   to employ any device, scheme, or artifice to defraud;

    (b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)   to employ any device, scheme, or artifice to defraud;

**FINAL JDMT AS TO COMPASS FUND MANAGEMENT**

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS FURTHER ORDERED that Defendants, their respective officers agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, are permanently restrained and enjoined from violating Sections 206(1), 206(2), and 207 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) and 80b-7], by willfully making any untrue statement of a material fact in any registration application or report filed with the Commission under Sections 203 or 204 of the Advisers Act, or by willfully to omit to state in any such application or report any material fact which is required to be stated therein; or by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2008

_Susan Illston_

UNITED STATES DISTRICT JUDGE

**FINAL JDMT AS TO COMPASS FUND MANAGEMENT**