MARC J. FAGEL
JOHN S. YUN (Cal Bar No. 112260)
    (yunj@sec.gov)
ERIC M. BROOKS (Cal Bar No. 209153)
(brookse@sec.gov)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>VIPER CAPITAL MANAGEMENT, LLC,<br>COMPASS CAPITAL MANAGEMENT, LLC, and<br>EDWARD SEWON EHEE,<br><br>Defendants,<br><br>and<br><br>COMPASS WEST FUND, LP, VIPER FOUNDERS FUND, LP, VIPER INVESTMENTS, ALBERT EHEE, ROBERT EHEE and JENNIFER EHEE,<br><br>Relief Defendants. | Civil Action No. C-06-6966-SI<br><br>(Related to Case Nos.<br>C 07-02507 SI<br>C-07-02508 SI<br>C 07-02509 SI)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISTRIBUTE DISGORGEMENT OF DEFENDANT EDWARD EHEE AND APPOINTMENT OF TAX ADMINISTRATOR**<br><br>Date: November 14, 2008<br>Time: 9:00 am<br>Judge: Susan Illston<br>Courtroom: 10 |

[Proposed] Order re Distribution and Appointment of Tax
Administrator
Case No. C-06-6966-SI

## ORDER APPROVING DISTRIBUTION OF EHEE PAYMENT

Plaintiff Securities and Exchange Commission ("Commission") has filed a regularly noticed motion with the Court for an order approving the distribution to investors of $318,000.00 in disgorgement that defendant Edward Ehee ("Ehee" or "Defendant") paid into the Court's registry under the Final Judgment that this Court entered against him. As alleged in the Commission's Complaint, Ehee misappropriated millions of dollars of investor funds for personal use, including transferring funds to family members and spending it on cars, vacations, and mortgage payments.

Section 27 of the Securities Exchange Act of 1934 ("Exchange Act") gives the district courts exclusive jurisdiction over "all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder." 15 U.S.C. § 78aa. That provision confers upon this Court the general equitable power to remedy violations of the Exchange Act. *S.E.C. v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1103 (2d Cir. 1972); *S.E.C. v. Texas Gulf Sulphur Co.*, 446 F.2d 1301, 1307 (2d Cir.), *cert. denied*, 404 U.S. 1005, 92 S. Ct. 561, 30 L. Ed. 2d 558 (1971). That equitable power encompasses the disgorgement that was ordered in this case against Ehee. *Manor Nursing*, 458 F.2d at 1103.

As a corollary to ordering disgorgement, the Court may also approve a plan for the distribution of the disgorgement proceeds to injured investors. *S.E.C. v. Wang*, 944 F.2d 80, 85 (2d Cir. 1991); *S.E.C. v. Certain Unknown Purchasers of Common Stock*, 817 F.2d 1018, 1020-21 (2d Cir. 1987). The judicial standard for approving a distribution plan is very broad; once "the district court satisfies itself that the distribution of proceeds in a proposed SEC disgorgement plan is fair and reasonable, its review is at an end." *Wang*, 944 F.2d at 85. *See Certain Unknown Purchasers*, 817 F.2d at 1021 (upholding approval of insider trading distribution plan as being fair).

In this case, the Commission has calculated the pro rata share of investor losses and will distribute $318,000.00 in the Court's registry to the harmed investors accordingly. The Commission believes it has current contact information for all the investors, however, if an investor cannot be contacted, the Commission will make reasonable efforts to locate the investor. If those reasonable efforts fail, the investor's portion of the pro rata share will be paid pro rata to other investors or if that is not practical, transferred to the United States Treasury.

[Proposed] Order re Distribution and Appointment of Tax Administrator
Case No. C-06-6966-SI

- 2 -

The Court having reviewed the Commission's Motion to Distribute Disgorgement of Defendant Edward Ehee and Appointment of Tax Administrator and for good cause shown,

**IT IS HEREBY ORDERED:**

The Court finds that the Commission's proposed distribution plan is reasonable. The Clerk of the Court is therefore authorized to disburse the payments that Ehee made into the Court's registry in accordance with instructions received from the Commission so that the money can be paid to those investors that can be located, can be used to cover administrative expenses associated with the distribution, and/or transferred to the United States Treasury. The Court approves the distribution of the following amounts to these investors:

| Name | Amount Missing/ Owed by Ehee | Pro Rata Share | Distribution Amount |
|---|---|---|---|
| Kevin Bradford, MMMGOOD Trust Acct. | $637,567.28 | 15.3% | $48,654.00 |
| Kevin Bradford, IRA | $224,000.00 | 5.4% | $17,172.00 |
| Mackenzie Moren Bradford, Trust Acct. | $49,200.00 | 1.2% | $3,816.00 |
| Madison Rand Bradford, Trust Acct. | $42,200.00 | 1.0% | $3,180.00 |
| Giovanni Magistrali | $64,337.95 | 1.5% | $4,770.00 |
| Richard Garman | $1,500,000.00 | 36.0% | $114,480.00 |
| Tae Noh | $200,000.00 | 4.8% | $15,264.00 |
| Anira Advisory Group Roosevelt Fund | $1,400,000.00 | 33.6% | $106,848.00 |
| Joong Yang | $50,000.00 | 1.2% | $3,816.00 |
| | | **100.00%** | **$318,000.00** |

**IT IS FURTHER ORDERED:**

1. Damasco & Associates is appointed as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to funds under this Court's jurisdiction in this case (the "Distribution Fund").

    2. Damasco & Associates shall be designated the administrator of the Distribution Fund, pursuant to section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, and shall satisfy the administrative requirements imposed by those regulations, including but not limited to (a) obtaining a taxpayer identification number, (b) filing applicable federal, state, and local tax returns and paying taxes reported thereon out of the Distribution Fund, and (c) satisfying any information, reporting, or withholding requirements imposed on distributions from the Distribution Fund. The Tax Administrator shall contemporaneously provide copies of all such filings to the Commission's counsel of record.

    3. The Tax Administrator shall, at such times as the Tax Administrator deems necessary to fulfill the tax obligations of the Distribution Fund, request that the Commission's counsel of record file with the Court a motion, supported by the Tax Administrator's declaration of the amount of taxes due, to transfer funds from the Distribution Fund on deposit with the Court to pay any tax obligations of the Distribution Fund.

    4. The Tax Administrator shall be entitled to charge reasonable fees for tax compliance services and related expenses in accordance with its agreement with the Commission. The Tax Administrator shall, at such times as the Tax Administrator deems appropriate, submit a declaration of fees and expenses to the Commission's counsel of record for submission to the Court for approval and for payment from the Distribution Fund. No fees or expenses may be paid absent the Court's prior approval.

[Proposed] Order re Distribution and Appointment of Tax Administrator
Case No. C-06-6966-SI

- 4 -

1      5. At least ten (10) days before any motion to pay fees and expenses is filed with the
2  Court, the Tax Administrator shall provide the Commission counsel of record with a draft of the
3  supporting declaration for review. If the Commission has any corrections or objections to the
4  declaration, the Tax Administrator and the Commission's counsel shall attempt to resolve them on a
5  consensual basis. If a consensual resolution is not reached, the Commission may submit with the
6  motion any objections along with the Tax Administrator's response thereto.

**SO ORDERED.**

DATED: _11/14/08_____, 2008.

                                                Susan Illston, Judge
                                               United States District Court